United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 17, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-30809
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PERRY MOSLEY,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:04-CR-50159-ALL
--------------------

Before JONES, Chief Judge, and JOLLY and OWEN, Circuit Judges.

PER CURIAM:[*]

Perry Mosley appeals his jury convictions for conspiracy to possess with intent to distribute five or more grams of cocaine base, possession with intent to distribute five or more grams of cocaine base, possession of firearms in connection with a drug-trafficking offense, and possession of a firearm by a felon. Mosley argues that the district court abused its discretion in admitting the testimony of a witness, Charles James, that Mosley threatened him. Mosley argues that the evidence had little or no probative value and that the probative value was substantially

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

outweighed by the danger of unfair prejudice. Mosley's threat against a specific adverse witness was relevant to show Mosley's consciousness of guilt. See United States v. Rocha, 916 F.2d 219, 240-41 (5th Cir. 1990). Because the evidence was probative of an issue other than Mosley's character, it was admissible under FED. R. EVID. 404(b). See United States v. Carrillo, 981 F.2d 772, 774 (5th Cir. 1993). Under the circumstances of this case, it was reasonable for the district court to conclude that the danger of unfair prejudice did not substantially outweigh the probative value of the evidence. See Rocha, 916 F.2d at 241. Further, any potential prejudice was mitigated by the district court's limiting instruction that the defendant was not on trial for an act, conduct, or offense not alleged in the indictment. See United States v. Taylor, 210 F.3d 311, 318 (5th Cir. 2000). Therefore, the district court did not abuse its discretion in admitting Charles James's testimony that Mosley threatened him. See Rocha, 916 F.2d at 240-41.

AFFIRMED.